IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PROGRESSIVE SPECIALITY :
INSURANCE COMPANY, :
 :
    Plaintiff, :
 :
VS. : CIVIL ACTION NO. 08-00719-WS-B
 :
E & K TRUCKING, INC., *et al.*, :
 :
    Defendants. :

## REPORT AND RECOMMENDATION

This case is before the Court due to Defendant E & K Trucking, Inc.'s failure to obey an Order of this Court. In an Order dated February 26, 2010, Defendant E & K Trucking, Inc. was advised that corporations are prohibited from appearing in federal court without counsel[1]. (Doc. 30). Accordingly, Defendant was granted leave until March 22, 2010, in order to obtain counsel. Defendant was expressly cautioned that failure to comply with the Court's Order would result in sanctions, including the entry of a default judgment. A review of the case docket reflects that as of today's date, Defendant E & K Trucking, Inc. has not secured counsel. However, William Kidd, of E & K Trucking, Inc., did submit a letter advising that E & K Trucking, Inc. no longer exists, and that the company cannot afford

---

[1] Palazzo v. Gulf Oil Corp., 764 F. 2d 1381, 1386 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be presented by counsel."); Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F. 2d 602, 604 (11th Cir. 1984).

counsel. (Doc. 35).

The failure of a corporate entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders. Am. Res. Ins. Co., Inc. v. The Evoleno Co., LLC., 2008 U.S. Dist. LEXIS 86310 (S.D. Ala. Oct. 23, 2008)(citing Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007); Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2nd Cir. 2006); Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001)). See also Knight v. SCA Bus. Ctr., Inc., 2007 U.S. Dist. LEXIS 50412 (N.D. Ga. Oct. 5, 2007)(granting a motion for default judgment because an unrepresented corporate defendant had been given adequate notice of the need for an attorney and sufficient opportunity to obtain counsel). Moreover, in American Resources, the Court observed that while a civil litigant has a constitutional right to retain hired counsel, the right does not require the government to provide lawyers for litigants in civil matters; thus, "default judgment is proper even when the unrepresented artificial entity asserts impecuniousness." Am. Res. Ins. Co., Inc., 2008 U.S. Dist. LEXIS 86310, at *7 n.2 (citing Tropicana Prods., Inc. v. Vero Beach Groves, Inc., 1993 U.S. App. LEXIS 4914, 1993 WL 73693 at *1, *5 (1st Cir. 1993)).

In this case, Defendant E & K Trucking, Inc. has failed to comply with the Court's directive to secure counsel, and based upon

2

its correspondence[2] to the Court, it appears that Defendant is operating under the assumption that financial hardship somehow relieves it of the obligation to defend this action. Accordingly, at this juncture, there is no reason be believe that any action, short of the entry of a default, will suffice[3]. Accordingly, the undersigned RECOMMENDS that a default[4] be entered against Defendant E & K Trucking, Inc.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

**DONE** this **16th** day of **April, 2010.**

                                     **/s/SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

[2](<u>See</u> Docs. 26, 35).

[3]The record reflects that while counsel for Plaintiff and Defendant George Dail participated in the parties' Planning Meeting pursuant to the Court's Preliminary Scheduling Order (Doc. 32), no one appeared on behalf of Defendant E & K Trucking, Inc. (Doc. 36)

[4]The record reflects that on February 18, 2009, the Clerk entered default against Defendants E& K Trucking, Inc. and William Kidd (Doc. 12); however, the Clerk's entry did not take into account the fact that E & K had filed a Chapter 11 Bankruptcy Petition. In an Order dated August 26, 2009, U.S. Bankruptcy Judge Margaret Mahoney granted Progressive's motion for relief from automatic stay so the action against E & K Trucking could proceed. (Doc. 22, Ex. 1).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" ....The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within **fourteen (14)** days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**